# EXHIBIT "A"



State of New Jersey
Department of Banking and Insurance
Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 633-7667

Phil Murphy
*Governor*

Sheila Oliver
*Lt. Governor*

Marlene Caride
*Commissioner*

***CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***

2/3/2020

Attention:
CORPORATION SERVICE COMPANY
TRAVELERS INDEMNITY COMPANY
PRINCETON SOUTH CORPORATE CENTER
100 CHARLES EWING BOULEVARD, SUITE 160
EWING, NJ 08628

RE: Plaza Construction, LLC v. Travelers Indemnity Company
Superior Court of New Jersey, Bergen County Law Division
Docket No.: BER-L-000677-20

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

Debra A. Mullen/st

***Debra A. Mullen***
Administrative Assistant

C: Cullen and Dykman LLP
ATTN: Benjamin J. Hochberg, Esq.
44 Wall Street, 15th Floor
New York NY 10005




**CULLEN AND DYKMAN LLP**
BENJAMIN J. HOCHBERG, ESQ.
NJ ATTY. ID: 901132012
44 WALL STREET, 15TH FLOOR
NEW YORK, NEW YORK 10005
(212) 732-2000
OUR FILE NO.: 5474-7
*ATTORNEYS FOR PLAINTIFF*
*PLAZA CONSTRUCTION LLC*

| | |
|---|---|
| PLAZA CONSTRUCTION, LLC,<br><br>PLAINTIFF,<br>-AGAINST-<br><br>TRAVELERS INDEMNITY CO.<br><br>DEFENDANT. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-000677-20<br><br>*CIVIL ACTION*<br><br>**CIVIL ACTION SUMMONS** |

**From the State of New Jersey To the Defendant(s) Named Above:**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief the Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: February 3, 2020

**CULLEN AND DYKMAN LLP**
*Attorneys for Plaintiff*
*Plaza Construction, LLC*
Benjamin J. Hochberg, Esq.
bhochberg@cullenllp.com

*s/ Michelle M. Smith*
Michelle M. Smith
Clerk of the Superior Court

*Name of Defendant to Be Served:* Travelers Indemnity Co.

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-000677-20**

**Case Caption:** PLAZA CONSTRUCTION L LC VS TRAVELERS INDEMNITY
**Case Initiation Date:** 01/30/2020
**Attorney Name:** BENJAMIN JOSEPH HOCHBERG
**Firm Name:** CULLEN & DYKMAN LLP
**Address:** 44 WALL ST 15TH FL
NEW YORK NY 10005
**Phone:** 2127322000
**Name of Party:** PLAINTIFF : Plaza Construction LLC
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** YES
**If yes, list docket numbers:** BER-L-8199-18
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/30/2020
Dated

/s/ BENJAMIN JOSEPH HOCHBERG
Signed

**CULLEN AND DYKMAN LLP**
Benjamin J. Hochberg, Esq.
NJ Atty. ID: 901132012
44 Wall Street, 14th Floor
New York, New York 10005
(212) 732-2000
Our File No.: 5474-7
*Attorneys for Plaintiff*
*Plaza Construction LLC*

PLAZA CONSTRUCTION, LLC,

Plaintiff,

-against-

TRAVELERS INDEMNITY CO.

Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

DOCKET NO.:

*Civil Action*

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Plaza Construction, LLC ("Plaintiff" and "Plaza"), by and through its attorneys, Cullen and Dykman, LLP, by way of Complaint for Declaratory Judgment against Defendant, Travelers Indemnity Co. ("Travelers" and "Defendant"), alleges as follows:

**THE PARTIES**

1. Plaza is a limited liability company authorized to do business in the state of New Jersey.

2. Travelers is an insurance company with a business address of 707 W. Main Avenue #300 in Spokane, Washington and is authorized to conduct business in the state of New Jersey.

## THE PROJECT

3. At all relevant times herein, Plaza was the construction manager for a project located at 99 Hudson in Jersey City, New Jersey (the "Project").

4. By Trade Subcontract dated May 13, 2016 (the "Trade Subcontract"), Plaza retained Gamma USA ("Gamma") to construct an exterior façade and curtain wall for the Project.

5. The Trade Subcontract requires Gamma to, *inter alia*, obtain a commercial general liability policy of insurance which names Plaza as an Additional Insured and provides certain, minimum coverage limits.

6. Specifically, the commercial general liability policy was to provide $1,000,000 per claim coverage on an occurrence basis with a $2,000,000 aggregate limit.

7. The Trade Subcontract also requires that Plaza be afforded insurance coverage under the same policy as an Additional Insured on a primary and non-contributory basis.

8. The Trade Subcontract also requires that Plaza be provided with a Certificate of Insurance in advance of

9. Importantly, Section 2.4 of the Trade Subcontract states the following:

> *Before Subcontractor employs any sub-subcontractors, the name of such sub-subcontractor shall be submitted to Construction Manager for its approval or rejection and no sub-subcontractor shall be employed except those who have been approved by Construction Manager in accordance with such submission. Such submissions and such approvals shall be in writing. Subcontractor shall enter into agreements substantially similar to this Subcontract with each of its sub-subcontractors and shall require that each such sub-subcontractor read and expressly agree in writing: (i) to be bound by all provisions of the Contract Documents applicable lo its Work; (ii) to provide indemnity to Owner, Construction Manager and Architect as provided in the Contract Documents ; and (iii) to name the Owner, Construction Manager and Architect as Additional Insured under its general*

> *liability policy and provide Certificates of Insurance to that effect and otherwise reasonably satisfactory to Construction Manager.*

10. To satisfy some of its contractual obligations to Plaza, Gamma hired ("Garden State") to provide surveying services at the Project.

11. Garden State was contractually required to procure a commercial general liability policy of insurance which named Plaza as an Additional Insured and afforded coverage to Plaza on a primary and non-contributory basis.

12. In furtherance of this obligation, Garden State provided a Certificate of Insurance dated September 6, 2017 to Plaza (the "COI").

13. The COI states that Travelers issued a commercial general liability policy of insurance (Policy No.: 6801J83029, Policy Period: March 22, 2017 through March 22, 2018) to Garden State (the "Travelers Policy").

14. The COI identifies Garden State as the Named Insured under the Travelers Policy.

15. The COI also states that the Travelers Policy has coverage limits of $1,000,000 per occurrence with a $2,000,000 general aggregate.

16. In the Description of Operations/Locations/Vehicles, the COI identifies Plaza as an Additional Insured and specifically references the Project:

> *[1] GSESP Job No. 17-048. 99 Hudson Street Project - Project #5838. Designated Project Site: 99 Hudson Street, Jersey City, NJ 07302. All coverages apply on & off site. The following are included as additional insured for general liability, automobile liability, and umbrella liability on a primary and non-contributory basis: Plaza Construction, LLC; China Overseas America, Inc.; COA 99 Hudson, LLC. Waiver of subrogation applies to general, automobile, and umbrella liability and workers compensation (where applicable by law) policies. Umbrella policy is follow form.*

17. As indicated in the COI, Garden State obtained a general commercial liability policy that names Plaza as an Additional Insured and affords coverage to Plaza on a primary and non-contributory basis.

**THE INCIDENT**

18. On February 8, 2017, Ladislav Sram was allegedly injured while working in the course of his employment with Garden State at the Project.

19. On or around November 15, 2018, Mr. Sram commenced a civil action against Plaza in the Law Division of the Superior Court of New Jersey, Bergen County (Docket No.: L-8199-18) (the "Underlying Action").

20. In the Underlying Action, Mr. Sram claims that he was injured in the course of his work and sustained resulting physical injuries due to the negligence of Plaza.

21. Mr. Sram is seeking monetary damages for his alleged injuries.

**TENDER EFFORTS**

22. On or around December 11, 2018, Plaza, through its attorney, served a letter on Travelers tendering the defense of the Underlying Action and requesting that Travelers acknowledge Plaza as an Additional Insured under the Travelers Policy.

23. The same letter asks Travelers to confirm that it will defend and indemnify Plaza in the Underlying Action on a primary and noncontributory basis.

24. Travelers did not respond to Plaza's letter of December 11, 2018.

25. On or around January 15, 2020, Plaza served a second and final letter on Travelers tendering the defense of the Underlying Action and again requesting that Travelers acknowledge Plaza as an Additional Insured under the Travelers Policy.

26. The same correspondence states that "[s]*hould Travelers fail to respond . . . within ten (10) days,* [Plaza] *will construe the failure to respond as a denial of coverage and proceed with the appropriate action.*"

27. To date, Travelers has failed to respond to the tender letter of January 15, 2020.

**COUNT ONE**

**DECLARATORY JUDGMENT**

28. Plaintiff, Plaza Construction LLC, repeats and reasserts each and every allegation in Paragraphs One through Twenty-Seven of this Complaint and incorporates them herein as set forth at length.

29. Due and timely demand has been made to Travelers to provide defense, indemnity and coverage for Plaza from, against and in connection with the claims asserted by and on behalf of Plaintiff, Ladislav Sram, and/or otherwise asserted by any party against Plaza in the Underlying Action.

30. Travelers has wrongfully failed and refused to provide defense, indemnity and/or coverage to Plaza, and, as such, a case and controversy exists between and among the parties.

31. Plaza has and will continue to suffer damages, harm and prejudice by virtue of the failure of Travelers to fulfill its obligation to provide insurance coverage, defense and indemnity, including but not limited to the costs of defending the Underlying Action, in incurring expenses and/or in potentially settling or satisfying judgments obtain in the Underlying Action.

32. By reason of the forgoing, Declaratory Judgment is both necessary and proper in order to set forth and decide the rights obligations, and liabilities that exist between the parties in connection with the aforementioned Travelers Policy.

COUNT TWO

**BREACH OF CONTRACT**

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this complaint as if fully set forth herein.

34. Plaza was an Additional Insured and/or third party beneficiaries under the Travelers Policy issued by Travelers to Garden State.

35. Pursuant to the Travelers Policy, Travelers should provide coverage, defense and indemnification to Plaza.

36. In breach of the terms and provisions of the Travelers Policy, Travelers wrongfully denied coverage to Plaza.

37. As a result of Travelers' breach of the terms and provisions of the Travelers Policy issued by Travelers to Garden State, Plaza has and will continue to suffer damages, harm and prejudice by virtue of the failure of Travelers to fulfill its obligation to provide insurance coverage, defense and indemnity, including but not limited to the costs of defending the Underlying Action, in incurring expenses and/or in potentially settling or satisfying judgments obtain in the Underlying Action.

WHEREFORE, Plaintiff, Plaza Construction LLC, requests that the Court enter a Judgment as follows:

a. Declaring that the Travelers Policy was in full force and effect on February 8, 2018, the date of the alleged incident in the Underlying Action;

b. Declaring that Plaza is an Additional Insured under the Travelers Policy;

c. Declaring that Plaza is entitled to defense and indemnification by Travelers on a primary and non-contributory basis pursuant to the Travelers Policy;

d. Compelling Travelers ro provide insurance coverage, defend and indemnify Plaza in the lawsuit filed in Superior Court of New Jersey, Bergen County under docket number BER-L-8199-18;

e. Declaring that Travelers is legally obligated to reimburse Plaza herein for all attorneys' fees, costs, disbursements and other expenses incurred in the defense of the Underlying Action and in the commencement and prosecution of the instant action; and

f. That Plaza herein be granted such other, further and different relief in the declaration of the rights and legal duties of the parties of this action as the Court may deem just, proper and equitable.

**DESIGNATION OF TRIAL COUNSEL**

David Kuk, Esq. of Cullen and Dykman, LLP is hereby designated as trial counsel in this matter.

**CERTIFICATION**

I hereby certify pursuant to R. 4:5-1 that this matter is not the subject of any other action pending in any Court or of a pending arbitration proceeding, and that there exist no other parties to be joined to this action.

Dated: January 30, 2020

/s/ David Kuk, Esq.
DAVID KUK, ESQ.

STATE OF NEW JERSEY
DEPARTMENT OF BANKING AND INSURANCE
PO BOX 325
TRENTON, NJ 08625-0325

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7018 2290 0001 8182 0933

U.S. POSTAGE PITNEY BOWES
ZIP 08628 $ 001.40⁰
02 4W
0000369615 FEB 05 2020

U.S. POSTAGE PITNEY BOWES
ZIP 08628 $ 005.50⁰
02 4W
0000369615 FEB. 05. 2020

RETURN RECEIPT
REQUESTED

TRAVELERS INDEMNITY COMPANY
C/O CORPORATION SERVICE COMPANY
PRINCETON SOUTH CORPORATE CENTER
100 CHARLES EWING BOULEVARD SUITE 160
EWING NJ 08628